# Benignia *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Risks of employment—Fellow-servant.*

Where a track layer employed by a railroad company as one of a gang on a construction train is injured as the result of a collision between the construction train and a freight train, the injury being caused either by the negligence of the flagman of the construction train or the engineer of the freight train, he cannot recover.

Argued Oct. 9, 1900. Appeal, No. 10, Oct. T., 1900, by plaintiff, from order of C. P. Cambria Co., Dec. T., 1898, No. 282, refusing to take off nonsuit, in case of Marrotte Benignia v. Pennsylvania Railroad Company. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Damages for personal injuries. Before BARKER, P. J.

At the trial it appeared that for three and one half years prior to September 23, 1898, plaintiff had been in the employment of the defendant as a track layer on a construction train. This train was moved about from place to place and its crew ate and slept upon it. On September 23, 1898, after the train had been moved on to the main track from a siding at Lilly Station, a freight train collided with it, and the plaintiff was severely injured. The evidence tended to show that the accident was caused either by the negligence of the flagman or the combined negligence of the flagman and the engineer of the freight train. The court entered a compulsory nonsuit on the ground that the accident was one of the risks of the plaintiff's employment, which risks included the negligence of fellow workmen. The court subsequently refused to take off the nonsuit, filing the following opinion:

Nothing has been adduced on the argument of the above motion that convinces us there was error in sustaining the motion for a compulsory nonsuit made at the time of the trial. There is nothing in the case to distinguish it from many others of the same kind in which an employee is injured by the negligence of a fellow employee, excepting that this case is free from doubt on the main question. The burden of proving that this injury resulted from the negligence of the defendant was on the plaintiff: Erie & W. Va. R. R. Co. v. Smith, 125 Pa. 259, and cases there cited. If there was any proof of negligence on the part of any one in this case, it is so clear as to permit of no discussion that it was on the part of some one engaged in a common employment with him and, therefore, under all the decisions in this state and elsewhere, the employer cannot be held responsible. Whatever the law may be in other states, either under the decisions or statutes, the law of this state has been well settled and cannot be now questioned that where several persons are employed as workmen in the same general service, though in different parts or departments of it, or though one may be in an inferior position to the other, and one of them is injured by the carelessness of another, the employer is not responsible, unless he has employed unfit persons for his service: Ryan v. Cumberland Valley R. R. Co., 23 Pa. 384; Caldwell v. Brown, 53 Pa. 453; O'Donnell v. Allegheny R. R. Co., 59 Pa. 239. " The rule rests upon the sound principles that each one who enters upon the service of another takes on himself the ordinary risk of the employment in which he is engaged, and the negligent acts of his follow workmen, in the general course of his employment, are within the ordinary risks:" Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; Lewis v. Seifert, 116 Pa. 628.

When the plaintiff accepted employment from the defendant involving his transportation from place to place, injury by the negligence of any employee connected with the transportation of trains over the same road was clearly within the risks ordinarily incident to the service undertaken.

And now, September 4, 1899, motion to strike off compulsory nonsuit overruled.

*Error assigned* was in refusing to take off nonsuit.

*Francis P. Martin*, with him *Donald E. Dufton*, for appellant.—An employee has a right to rely on the master's adopting suitable means of protection: Pantzer v. Tilly Foster Iron Mining Co., 99 N. Y. 368; Harrison v. Central R. R. Co., 2 Vroom, 293; Shearman & Redfield on Negligence, secs. 93, 95, 97.

It was unmistakable ˙error in the court to hold that the injuries resulted from the negligence of a fellow-servant, and that plaintiff could not recover in this case. The court utterly failed to indicate who the coemployee was, but assumed that whoever it was, he was a fellow-servant of plaintiff in contemplation of law. Human life and limb are yet too sacred in Pennsylvania for mere assumptions, even where the injuries are inflicted by a corporate power and negligence is proven, to prevent the victim or his representatives from obtaining redress: O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 247 ; Penna. & N. Y. Canal & R. R. Co. v. Mason, 109 Pa. 296.

The plaintiff was employed for the specific work of laying track on a newly constructed roadbed of the company not in use. He was in a wholly different department from any one connected with the main line or running of trains, freight or passenger: Mullin v. Phila. & Southern Steamship Co., 78 Pa. 25 ; Hass v. Phila. & Southern Steamship Co., 88 Pa. 269 ; Prevost v. Citizens Ice Co., 185 Pa. 621 ; N. Y., L. E. & W. R. R. Co. v. Bell, 112 Pa. 400 ; Lewis v. Seifert, 116 Pa. 628 ; Ross v. Walker, 139 Pa. 42 ; Prescott v. Ball Engine Co., 176 Pa. 459 ; Hough v. Ry. Co., 100 U. S. 213 ; Phila. & Reading R. R. Co. v. Huber, 128 Pa. 63 ; Ellis v. N. Y., L. E. & W. R. R. Co., 95 N. Y. 546 ; Plank v. N. Y. Central R. R. Co., 60 N. Y. 607 ; Gottlieb v. N. Y., L. E. & W. R. R. Co., 100 N. Y. 462.

*Alvin Evans* and *H. W. Storey*, for appellee, were not heard.

PER CURIAM, October 22, 1900 :

At the close of the plaintiff's evidence in this case the defendant's counsel moved for and obtained a compulsory nonsuit which the plaintiff's counsel moved the court to take off. Upon due consideration of the plaintiff's motion the court refused to take off the nonsuit, and an appeal was taken to this court. On a careful examination of the evidence submitted by

the plaintiff, we are convinced that he failed to establish his claim against the defendant, and that the court committed no error in granting the nonsuit or in refusing to take it off.

We therefore rest our affirmance of the nonsuit on the opinion of the learned court below, overruling the motion to strike it off.

Judgment affirmed.